UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MELVIN JAMAL ADAMS,

      Plaintiff,

 -against-

TRANSIT DISTRICT 23 POLICE OFFICERS
ADRIAN SANTI, #947460, SERGEANT
ROBERT HOGG #8976, GARY MORATTI,
SHIELD #919435; NYPD; 23RD PRECINCT;
DEPARMENT OF CORRECTION RIKERS
ISLAND; CORRECTIONAL OFFICER JEBOS
-AMKC-C-95; CORRECTIONAL OFFICER
JOHN DOES; QUEENS LAW ASSOCIATES;
JOHN DOE OFFICER NUMBER 1023
COMMAND POLICE PRECINCT 106,

      Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-cv-06382 (CBA) (LB)

**AMON, Chief United States District Judge:**

  Plaintiff Melvin Jamil Adams, a Brooklyn resident currently incarcerated at the Anna M. Kross Center at Rikers Island, brings this action under 42 U.S.C. § 1983, alleging that he was falsely arrested in Queens, New York. By Order dated November 8, 2013, the action was transferred from the United States District Court, Southern District of New York ("Southern District"). Adams's request to proceed <u>in forma pauperis</u> is granted pursuant to 28 U.S.C. § 1915, but his claims against the New York City Police Department ("NYPD"), the 23rd and 106th Precincts of the NYPD, the New York City Department of Correction ("DOC"), Rikers Island, Correctional Officer Jebos and unknown correctional officers, and the Queens Law Associates are dismissed. In addition, this action is stayed pending termination of the underlying criminal proceedings against Adams.

1

## BACKGROUND

Adams alleges that he was falsely arrested for rape on August 1, 2013 by Officers Adrian Santi, Robert Hogg, and Gary Moratti.[1] He states that he was approached by a woman at the Howard Beach – JFK Airport subway station platform on July 31, 2013. Adams claims that the woman sexually harassed him, kissed him, groped him, and then "hurt [his] ... feelings." (Compl. at 3, D.E. # 8.) Adams states that he then boarded the A train. Adams denies attempting to physically harm the woman and states that "no one else was involved" and that there were "no witnesses." He alleges that he was falsely arrested by Officer Santi. Adams seeks monetary damages.

## DISCUSSION

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory).

---

[1] The Court takes judicial notice that Adams, identified by his name and book and case number 4411307433, was charged with attempted rape in the first degree, sexual abuse in the first degree, attempted robbery in the third degree and assault in the third degree. See http://www.nyc.gov/html/doc/html/inmate/inmate_lookup.shtml (last visited March 18, 2014.)

Furthermore, a district court shall dismiss an in forma pauperis action where the court is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Because Adams is proceeding pro se, the Court must liberally construe his pleadings, and must interpret his complaint to raise the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Adams brings this action pursuant to 42 U.S.C. § 1983. In order to maintain a claim under 42 U.S.C. § 1983, he must allege that (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

## I. Claims against the DOC and NYPD

Adams's claims against Rikers Island, the DOC, the NYPD, and the 23rd and 106th Precincts of the NYPD fail because these defendants are not suable entities. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396; see Bailey v. New York City Police Dep't, 910 F. Supp. 116, 117 (E.D.N.Y. 1996) (dismissing claims against the NYPD and the DOC as non-suable entities). Police precincts lack independent legal existence and cannot be sued. See Wingate v. New York City, No. 08-CV-217, 2008 WL 203313, at *2 (E.D.N.Y. Jan. 23, 2008). Therefore, Adams's claims against these defendants are dismissed with prejudice. Even if Adams had instead intended to sue the City of New York, he has failed to allege that the violation of his constitutional rights was caused by a

3

policy or custom of the City, as required to state a claim for relief under 42 U.S.C. § 1983 against a municipal defendant. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403-5 (1997).

II. **Claims against Correctional Officers**

Adams names Correctional Officer Jebos as well as unknown correctional officers as defendants in this action. A plaintiff seeking damages under § 1983 must establish that a defendant was personally involved in the alleged wrongdoing or misconduct. See Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006). Adams's complaint fails to allege facts demonstrating that these defendants had any involvement with, knowledge of, or responsibility for the alleged deprivation of Adams's constitutional rights. Accordingly, the claims against these defendants are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b).

III. **Claims against the Queens Law Associates**

In addition, the Queens Law Associates, which, pursuant to a contract with the City of New York, represents a portion of indigent defendants in Queens County, is not a proper defendant to a § 1983 action because it is not a state actor as is required by the statute. See Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[C]ourt-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."). Thus, Adams's claim against Queens Law Associates is dismissed for failure to state a claim on which relief may be granted.

IV. **Claims against Officers Santi, Hogg, and Moratti**

Where, as here, a plaintiff files a civil rights action seeking damages for false arrest, false imprisonment, or malicious prosecution before the termination of the criminal proceedings

against him, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393-94 (2007); see Gonzalez v. City of Schenectady, 728 F.3d 149, 155 (2d Cir. 2013) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983.")

Because Adams's criminal prosecution stemming from the arrest at issue in this action is ongoing, this case will be stayed until the termination of the underlying criminal proceedings.

## CONCLUSION

For the reasons set forth above, all claims against the NYPD, the 23rd and 106th Precincts of the NYPD, the DOC and Rikers Island, Correctional Officer Jebos and unknown correctional officers, and the Queens Law Associates are dismissed. No summons shall issue as to these defendants. The Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

Adams's claims against the remaining defendants—NYPD Officers Santi, Moratti, and Hogg, as well as Officer John Doe Officer Number 1023 of the 106th Precinct—may proceed but will be stayed pending termination of the underlying criminal proceedings against Adams. The Clerk of the Court is directed to issue a summons against these four defendants and the United States Marshals Service is directed to serve the complaint and this Order on them. The Clerk of Court shall mail a copy of this Order and the Complaint to the New York City Law Department's Special Federal Litigation Division and to Adams.

The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 11, 2014
       Brooklyn, N.Y.

/S/ Chief Judge Carol B. Amon

Carol Bagley Amon
Chief United States District Judge